UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NAOMI SANDRES** | **CIVIL ACTION** |
| **VERSUS** | |
| **STATE OF LOUISIANA, DIVISION OF ADMINISTRATION, OFFICE OF RISK MANAGEMENT** | **NO. 07-375-C-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, January 18, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

**MIDDLE DISTRICT OF LOUISIANA**

**NAOMI SANDRES**                                                        **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, DIVISION OF**                                **NO. 07-375-C-M2**
**ADMINISTRATION, OFFICE OF RISK**
**MANAGEMENT**

**MAGISTRATE JUDGE'S REPORT**

This matter is before the Court on the Motion to Dismiss (R. Doc. 20) filed by defendant, State of Louisiana, Division of Administration, Office of Risk Management ("ORM"). Plaintiff, Naomi Sandres ("Sandres"), has filed an opposition to this motion. (R. Doc. 23). In its motion, ORM contends that this matter should be dismissed pursuant to Fed. R. Civ. P. Rule 4(m) because Sandres failed to serve a copy of the summons and complaint upon it within one hundred twenty (120) days after filing the complaint on May 29, 2007.[1]

The procedural background of this matter was discussed in detail in the Court's October 12, 2007 Ruling, wherein it vacated a prior ruling denying Sandres' in forma pauperis status and ordered that the Clerk of Court issue process to the U.S. Marshal to serve the ORM with a copy of the summons and complaint in this matter. (R. Doc. 13).[2]

---

[1] Fed. R. Civ. P. 4(m) provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[2] Specifically, in vacating its prior rulings on Sandres' motions to proceed in forma pauperis and for service by the U.S. Marshal, the Court noted that it could not deny such motions because it did not appear Sandres was lying to the Court regarding her income, as she specifically indicated that the income presented in her motion was "after deductions" and therefore not gross income. Accordingly, upon reconsideration of

1

The Clerk's Office issued such process to the U.S. Marshall's Office on October 12, 2007, directing it to serve the summons and all attachments upon ORM in accordance with Fed. R. Civ. P. 4.  (R. Doc. 14).  Sandres went to the U.S. Marshal's Office on October 29, 2007 and completed the "Process Receipt and Return" paper work needed for the U.S. Marshal's Office to effect service.  Despite receiving process from the Clerk's Office and the information necessary to effect service in October 2007, the U.S. Marshal's office did not serve the summons and complaint upon ORM until December 3, 2007, which was well after the 120 day period set forth in Rule 4(m) had elapsed.[3]  (R. Doc. 21).

The Commentary to Rule 4 provides that the 120-day period set forth in that rule is not absolute, and a failure to comply with that limitation can be excused through a court order.  The failure to comply has been particularly excused in instances involving pro se plaintiffs suing in forma pauperis who rely upon the U.S. Marshal's Office for service.  *See*, Commentary to Rule 4, specifically Section C4-38.  The Fifth Circuit Court of Appeal has held that a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshal's office and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant.  *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987); *Puett v. Blandford*, 912 F.2d 270 (1990)(Relying upon *Rochon* and cases out of the Second and District of Columbia circuits,

---

Sandres' motions, the Court found she was entitled to in forma pauperis status and to have her complaint served by the U.S. Marshal.

[3] In fact, the 120 day service period had already elapsed, on or about September 26, 2007, before the U.S. Marshal's Office even received instructions to serve ORM.  While Sandres had not been granted in forma pauperis status during the 120 day service period and therefore could not rely upon the U.S. Marshal's Office for service at that time, because the Court's ruling in that regard was subsequently vacated based upon a motion for reconsideration filed by Sandres during the 120 day period, the Court will not hold Sandres' to the 120 day time period for the reasons discussed below.

the Ninth Circuit held that a pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and having provided the necessary information to help effectuate service, the plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. §1915(c) and Rule 4).[4]

Because it appears that Sandres provided the U.S. Marshal's Office with the necessary information to effectuate service as of October 29, 2007, she was entitled to rely upon that office to effectuate service, and she therefore will not be penalized for her failure to comply with the 120 day requirement of Rule 4.  Accordingly, the ORM's motion to dismiss on that basis should be denied.

## **RECOMMENDATION**

For the above reasons, it is recommended that the Motion to Dismiss (R. Doc. 20) filed by defendant, State of Louisiana, Division of Administration, Office of Risk Management, should be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, January 18, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[4] *See also, Sellers v. United States*, 902 F.2d 598 (1990)(The Seventh Circuit stated the same proposition, citing Second, Fifth, Ninth, and District of Columbia circuit decisions.  The marshal's failure to carry out the tasks assigned by Rule 4 is automatically "good cause" for forgiving the plaintiff within the meaning of Rule 4(m)).