UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**NAOMI SANDRES**                                         **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, DIVISION OF**                       **NO. 07-375-C-M2**
**ADMINISTRATION, OFFICE OF RISK**
**MANAGEMENT**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, January 23, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**NAOMI SANDRES**                                                                                              **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, DIVISION OF**                                                          **NO. 07-375-C-M2**
**ADMINISTRATION, OFFICE OF RISK**
**MANAGEMENT**

**MAGISTRATE JUDGE'S REPORT**

This matter is before the Court on the Motion to Dismiss (R. Doc. 25) filed by defendant, State of Louisiana, Division of Administration, Office of Risk Management ("ORM"). Plaintiff, Naomi Sandres ("Sandres"), has filed an opposition to this motion. (R. Doc. 28).

**FACTS & PROCEDURAL BACKGROUND**

Sandres filed this Title VII suit on May 29, 2007, alleging that ORM discriminated and retaliated against her based upon her race (and for filing internal grievances and discrimination charges against it) by refusing to interview and/or hire her for various employment positions for which she applied from 2005 through 2007.[1] Prior to initiating this suit, Sandres filed a charge with the EEOC on September 9, 2006 and received a "right to sue" letter from the EEOC on April 4, 2007. *See*, EEOC charge and "Notice of Right to Sue within 90 Days," attached to Sandres' complaint, R. Doc. 1. ORM has now filed the present motion, seeking dismissal of certain of Sandres' claims because: (1) The allegations in

---

[1] Sandres previously filed another similar action against ORM in this Court on January 26, 2006, alleging that ORM subjected her to unequal and unfair job opportunities, racial hostility, racial discrimination, and retaliation by failing to hire her based upon three employment applications she submitted in 2005 and for complaints she had filed in court, with the EEOC, and with the State Civil Service Commission. *See*, Civil Action No. 06-54-D-M2. That action was dismissed based upon a finding that Sandres failed to exhaust her administrative remedies with the EEOC prior to filing her Title VII claim. The Court also denied, as futile, Sandres' motion for leave to amend and add a §1983 claim to that case.

1

Sections 8A through 23A and all allegations contained in Sections B-E of Sandres' complaint are not within the scope of her EEOC charge; (2) All of the allegations contained in Sections B-E as well as the position listed in Section F of Sandres' complaint are time-barred; and (3) All of the allegations in Sections B-E of the complaint have been alleged in a previous lawsuit brought by Sandres against ORM, which was dismissed with prejudice, and are therefore barred by res judicata.

## **LAW & ANALYSIS**

**I.   Are the allegations in Sections 8A-23A and in Sections B-E of Sandres' complaint within the scope of her EEOC charge?**

The filing of an administrative complaint with the EEOC is a jurisdictional prerequisite to a Title VII action. *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995). A Title VII cause of action may be based upon the specific complaints made by the employee's EEOC charge as well as any kind of discrimination "like or related to" the charge's allegations, limited only by the scope of the EEOC investigation that "could reasonably be expected to grow out of the initial charges of discrimination." *Id.*; *Young v. City of Houston, Tex.*, 906 F.2d 177, 179 (5th Cir. 1990)(The scope of inquiry for this Court in a Title VII action is limited to the EEOC's investigation that can "reasonably be expected to grow out of" the charge of discrimination).

In Sections A8-A23 of her complaint, Sandres alleges that she applied for and was denied sixteen (16) different positions by ORM based upon her race. However, none of those sixteen (16) positions are listed within her EEOC charge. Instead, her EEOC charge enumerates eleven (11) different positions that she was denied, only seven (7) of which are actually mentioned in Sections A1-A7 of Sandres' present complaint. The Court agrees

2

with ORM that the sixteen (16) employment positions set forth in Allegations A8-A23 of the complaint for which Sandres allegedly applied, as well as the factual allegations contained in Sections B, C, D, and E,[2] are nowhere mentioned in her EEOC charge and therefore were not considered by the EEOC nor would the EEOC's investigation of those claims have been "reasonably expected to grow out of" the vague allegation of racial discrimination/retaliation based upon the eleven (11) specifically-enumerated employment positions in her EEOC charge.[3]  Accordingly, those allegations are not properly before the Court and should be dismissed.

---

[2] Sandres' allegations in Sections B-E of her complaint assert the following:

- Section B alleges that, in 2000, ORM retaliated against her while she was working in the position of receptionist by refusing to provide her with the assistance of certain named individuals.

- Section C alleges that, in November 2003, ORM hired a white receptionist, Moinet (Missy) Arnold, who was "willing to lie on" Sandres about the sick leave she took and was not reprimanded even when Sandres filed a grievance as a result of the receptionist's actions.

- Section D alleges that, in October 2003, Sandres' supervisor, Cynthia Roman, asked two adjusters with whom Sandres worked, John Burch and Bertha Meisner, to write "bad reports" about her, which were used in making decisions regarding Sandres' employment.

- Section E alleges that, in 2004, an employee in the Accounting Department, Tom Averett, "lied on" her, and subsequent evaluations and verifications of her sick leave were based upon such false information, without allowing Sandres to tell her "side" of the story.

*See*, Sections B-E of Complaint, R. Doc. 1.

[3] *See, Fine v. GAF Chemical Corp.*, 995 F.2d 576 (5th Cir. 1993)(where, although the EEOC complaint made no mention of a job application or rejection in the Fall of 1990, the plaintiff asked the court to liberally construe her EEOC charge, which alleged gender discrimination relative to a job application she made in February 1990.  The Fifth Circuit concluded that the events relating to the job application denial in the Fall of 1990 could not reasonably be expected to be within the scope of the EEOC's investigation of the February 1990 job application and denial).

**II.    Should the allegations contained in Sections B-E and the position listed in Section F of the Complaint be dismissed as time-barred?**

In addition to being outside the scope of Sandres' EEOC complaint, the Court finds that Sections B-E of Sandres' complaint are also subject to dismissal because they are time-barred.  Pursuant to 42 U.S.C. §2000e-5(e)(1), an employee in Louisiana has three (300) hundred days after the alleged unlawful employment practice occurred to file a charge with the EEOC.  42 U.S.C. §2000e-5(e)(1).  All of the actions alleged in Sections B-E (which, as discussed in Footnote 4, allege actions that took place in 2000, 2003, and 2004) occurred outside the 300 day time period preceding when Sandres filed her EEOC charge on September 9, 2006.[4]  Furthermore, Sandres has not demonstrated that the "hostile work environment" relating to each of her allegations in Sections B-E continued past November 13, 2005, such that she could take advantage of the "continuing violation" exception for hostile work environment claims.[5]

Finally, ORM's alleged refusal to hire Sandres for the position of Contract/Grants Rev DOZ #05-141 on September 23, 2005 (discussed in Section F of Sandres' complaint) is also subject to dismissal as time-barred, as the time for filing a charge of employment discrimination with the EEOC under Title VII begins when the discriminatory act, such as

---

[4] Three hundred (300) days before September 9, 2006 was November 13, 2005.

[5] See, *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)[Citations omitted]("A hostile work environment claim is composed of a series of separate acts that collectively constitute one "unlawful employment practice."  The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened.  It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory period.  Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability"); *Celestine v. Petroleos De Venezuela SA*, 2004 WL 1941739 (5th Cir. 2004)(noting that *National R. R. Passenger Corp.*, which discussed the "continuing violation" doctrine applicable to hostile work environment claims, did not change the law in the Fifth Circuit as it applies to discrete claims, such as training, hiring, or promotion).

an alleged refusal to hire, occurs. *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, – U.S. –, 127 S.Ct. 2162, 167 L.Ed.2d 982 (2007); *National R.R. Passenger Corp.*, 2070-71 (A discrete retaliatory or discriminatory act "occurs," for purposes of the charge filing requirement of Title VII, upon the date it happens, such that plaintiff must file a charge with the EEOC within 300 days of the date of the act or lose the ability to recover for it in a Title VII action). Accordingly, Sandres' claims in Sections B-F of her complaint should also be dismissed on grounds of prescription.

**III.     Should the allegations in Sections B-E be dismissed based upon res judicata?**

Res judicata bars an action when a court of competent jurisdiction has rendered a prior judgment in an action in which: (1) the parties are the same; (2) there has been a final judgment on the merits; and (3) the same cause of action is involved. *Gulf South Medical and Surgical Institute v. Aetna Life Insurance Co.*, 2006 WL 394987, *1 (5th Cir. 2006), citing *Test Masters Ed. Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The Fifth Circuit Court of Appeal uses a "transactional test" to determine whether two complaints involve the same cause of action. *Id.*; *See also, Agrilectric Power Partners, Ltd. v. General Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994). If the same nucleus of operative facts underlies both actions, they involve the same cause of action. *Id.*, citing *Agrilectric*, 20 F.3d at 665. "The substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not inform this inquiry." *Id.*, quoting *Agrilectric*, 20 F.3d at 665.

In another Title VII suit that Sandres filed in this Court on October 29, 2004, she alleged that ORM discriminated and retaliated against her based upon her race in November 2003. *See*, Civil Action No. 04-780-C-M3. The Court finds that, in that action,

5

Sandres asserted identical allegations to those set forth in Sections C and D of her present complaint; however, it does not appear that she asserted the specific allegations set forth in Section E of the present complaint in her prior complaint.  Specifically, in Section 4(A) of her complaint in Civil Action No. 04-780, Sandres alleged that a white receptionist, named Moinet (Missy) Arnold, signed a fabricated statement about the medical leave that Sandres took on October 17, 2003, which ORM used, without questioning its validity or punishing Arnold, to make decisions regarding Sandres' employment, despite the fact that Sandres filed a grievance and allegedly provided proof as to her whereabouts on that date.  Those allegations are identical to the allegations set forth in Section C of the present complaint.

Sandres also alleged, in Section 4(B) of her No. 04-780 complaint, that her supervisor, Cynthia Roman, asked two other white employees, Bertha Meisner and John Burch, to write statements to defame Sandres' character, which were used to "put[ ] [Sandres] under restricted leave as of October 1, 2003."  She further alleged, in Section 4(B) of her prior complaint, that she was not made aware of the statements of Meisner and Burch until some time after they were made, that she was not given a chance to defend herself since she was black, and that nothing was done to punish the white workers who made the false accusations against her.  The allegations of Section 4(B) of Sandres' prior complaint are identical to the allegations set forth in Section D of her present complaint.[6]

---

[6] Although ORM contends, in its present motion to dismiss, that Sandres also made allegations in her No. 04-780 complaint identical to those in Section E of her present complaint, the Court does not find any allegations, in that prior complaint, relating to a false statement made by an employee in the Accounting Department by the name of Tom Averett, as plaintiff alleges in her present complaint.

Additionally, while Sandres asserted allegations relating to her employment at ORM in 2000 in a suit filed herein on August 27, 2001 (Civil Action No. 01-721-D-M2), the Court does not find that those allegations

The merits of Sandres' No. 04-780 suit were dismissed by this Court via a Motion for Judgment of Dismissal with Prejudice by all parties on February 8, 2006. The primary parties to that suit were identical to those in the present matter, in that Sandres was the plaintiff and one of the defendants was ORM. Considering that the allegations asserted in Sections 4(A) and 4(B) of that prior complaint are the same allegations as those set forth in Sections C and D of her present complaint, those claims should be dismissed on the basis of res judicata. Accordingly, either because they are beyond the scope of the EEOC charge, prescribed, or barred by the doctrine of res judicata, Sandres' present claims in Sections 8A-23A and B-E should be dismissed with prejudice.

## RECOMMENDATION

For the above reasons, it is recommended that the Motion to Dismiss (R. Doc. 25) filed by defendant, State of Louisiana, Division of Administration, Office of Risk Management, should be **GRANTED** and that the claims set forth in Sections 8A-23A and B-E of the complaint of plaintiff, Naomi Sandres, be **DISMISSED WITH PREJUDICE**.

Signed in chambers in Baton Rouge, Louisiana, January 23, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

are sufficiently identical to the allegations asserted in Section B of her present complaint to find that her claim in Section B should be barred on the basis of res judicata. However, as discussed in the two preceding sections of this report, Sandres' claims in Sections B and E of her present complaint should be dismissed based upon other grounds.