UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

NAOMI SANDRES

VERSUS

STATE OF LOUISIANA DIVISION
OF ADMINISTRATION OFFICE
OF RISK MANAGEMENT

CIVIL ACTION

NO. 07-375-BAJ-CN

**RULINGS**

The Court's review of this matter upon its recent reassignment reveals numerous pending motions and a pending appeal of a ruling of the Magistrate Judge. The Court addresses the motions and appeal herein, *seriatim*.

Defendant filed a motion for a sanction of dismissal pursuant to Federal Rule of Civil Procedure 37(d) for plaintiff's failure to attend a scheduled deposition (doc. 67). Plaintiff has indicated that she had to attend a meeting at work at the time of the scheduled deposition and was, therefore, unable to attend (doc. 77). Though defendant asserts that plaintiff was warned during a telephone conference held on August 19, 2008 that failure to attend the deposition would subject her to sanctions, the Court finds no record of the warning. The Court notes that dismissal is a serious sanction that implicates due process. See, e.g., *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). Moreover, "[t]he imposition of a sanction without a prior warning is to be avoided." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Accordingly, the motion by defendant to dismiss (doc. 67) is **DENIED**, and plaintiff's Motion Not To Dismiss (doc. 77) and Motion to Supplement Motion Not to Dismiss (doc. 86) are **DISMISSED** as moot.

Plaintiff's Motion to Supplement Motion To Extend Discovery (doc. 87) is **DISMISSED** as moot as the record demonstrates that there is no pending motion to extend discovery.

The matter having recently been reassigned to the undersigned, plaintiff's motions to transfer or reassign the matter (docs. 90, 93, 94, 115) and motions for leave to file amended motions to transfer (docs. 95, 97, 98) and motion for leave to file an amended affidavit in support of transfer (doc. 96) are **DISMISSED** as moot.

Plaintiff has also moved for a temporary restraining order (doc. 111) and for a preliminary injunction (doc. 109) in which she seeks an order enjoining the defendant from reducing its staff during the pendency of this matter (doc. 109) and an order enjoining defendant from disposing of evidence relevant to this matter (doc. 111). However, "[i]njunctive relief is 'an extraordinary and drastic remedy,' and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quoting, *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1974). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Specifically, the movant must show: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the

threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest." *Holland Am. Ins Co.*, 777 F.2d at 997 (quoting, *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

Plaintiff has failed to carry her burden of proving any of the four elements necessary to obtain the injunctive relief sought. Accordingly, plaintiff's motion for a temporary restraining order (doc. 109) and motion for a temporary injunction (doc. 111) are **DENIED**.

Because the Court has ruled on all of plaintiff's other pending motions in this matter, plaintiff"s: (1) Motion to Inform When [sic] Will Give Decision Concerning Transfer or Reassignment of Case to Another Judge (doc. 92), (2) Motion For Explanation as to Why Answers Not given to All Motions (doc. 113), (3) Request for Answer to Motion (doc. 114), (4) Motion to Court to Tell When More Than 12 Motions Will Be Answered (doc. 119), and (5) Motion For Explanation as to Why Case Has Been Dormant (doc. 120) are **DISMISSED** as moot.

Plaintiff has also filed an appeal of the Magistrate Judge's Order denying plaintiff's Request for Case File Original Records and Certified Docket Sheets (doc. 106). In reviewing the order in question, the Court must determine whether the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). Having reviewed the order at issue, the Court finds that it is neither clearly erroneous nor contrary to law. Accordingly, **IT IS ORDERED** that the Order of the Magistrate Judge dated January 12, 2010 (doc. 105) is hereby **AFFIRMED.**

Baton Rouge, Louisiana, September 23, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA