UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NAOMI SANDRES

VERSUS

STATE OF LOUISIANA DIVISION
OF ADMINISTRATION OFFICE
OF RISK MANAGEMENT

CIVIL ACTION

NO. 07-375-BAJ-SCR

Consolidated with:
NO. 08-145-BAJ-SCR
NO. 08-524-BAJ-SCR
NO. 08-563-BAJ-SCR

## RULING

Civil Action 08-524-BAJ-SCR is before the Court on a motion by defendant,

State of Louisiana, Division of Administration, Office of Risk Management, to

dismiss pursuant to Federal Rule of Civil Procedure 12 (doc. 133). The motion is

opposed (doc. 135). Jurisdiction is alleged under 28 U.S.C. §1331.

In support of the motion to dismiss, defendant notes that, after plaintiff

unsuccessfully applied for three employment positions with the defendant in 2005,

she filed a federal lawsuit alleging discrimination. The Court, however, dismissed

the lawsuit in 2006 for failure to exhaust administrative remedies. (Doc. 133, p. 3

(citing, Action No. 06-cv-54-JJB-CN)).

Defendant also notes that, after dismissal of her first lawsuit, plaintiff applied

for numerous employment openings with defendant and then filed a discrimination

complaint with the Equal Employment Opportunity Commission ("EEOC")

referencing eleven of the employment positions for which she had applied.

Defendant further notes that, upon receiving a "right to sue" letter in that matter, plaintiff filed suit against defendant again, asserting claims arising from the denial of twenty-three employment positions rather than only the eleven positions addressed by the EEOC Charge of Discrimination.[1]   Accordingly, the Court dismissed all but the original eleven claims as being outside the scope of the EEOC complaint. (*Id.* at 3-4 (citing Civil Action No. 07-375-RET-CN)). [2]

Defendant argues that the present matter presents a similar situation in that plaintiff attempts to assert three claims that are not within the scope of the EEOC Charge of Discrimination.  Defendant also argues that seventeen of the eighteen claims asserted are time-barred.

## LAW AND DISCUSSION

To survive a motion for dismissal, a plaintiff must set forth enough factual allegations to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, "a plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim." *Enterprises v. MacGreagor (USA) Inc.,* et al., 322 F.3d 371 (5th Cir. 2003). The court does not look beyond the face of the pleadings when determining whether a plaintiff has stated a claim under Rule 12(b)(6) of the Federal Rules of Civil

---

[1]The lawsuit referenced is the lead case in these consolidated matters, Civil Action 07-375-BAJ-SCR.  These consolidated cases have since been reassigned from Magistrate Judge Christine Noland to Magistrate Judge Stephen C. Riedlinger (07-375-BAJ-SCR, doc. 56).

[2]The matter was reassigned to the undersigned on September 7, 2011.

Procedure. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *Id.*; *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir.1995); *Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994).

"The Louisiana Commission on Human Rights has authority to remedy employment discrimination, rendering Louisiana a 'deferral state.'" *Windhauser v. Board of Supervisors for Louisiana State University & Agr. And Mech. College*, 360 Fed. Appx. 562, 566 (5th Cir. 2010) (citing LSA–R.S. 51:2231, *et seq*). "Because Louisiana is a deferral state [a plaintiff has] three hundred days from an alleged act of discrimination to file a charge with the Equal Employment Opportunity Commission." *Id.* (citing *Huckaby v. Moore,* 142 F.3d 233, 28 (5th Cir. 1998)).

The Court's review of the complaint demonstrates that the EEOC Charge of Discrimination in this matter was signed on May 6, 2008 (doc. 1, pp. 9-10).[3] Thus, based solely on the date of the EEOC Charge of Discrimination, any claims arising out of acts alleged to have occurred prior to July 10, 2007 (three hundred days prior to the filing of the EEOC Charge) appear to be time-barred. The complaint alleges several distinct discriminatory actions ranging from November 27, 2006, through July

---

[3]Insofar as plaintiff argues that another EEOC Charge was filed in February of 2008, the Court notes that the right-to-sue letter attached to the complaint references only Charge No. 461-2008-00825, and the EEOC Charge for Charge No. 461-2008-00825 is dated May 6, 2008 (doc. 1, p. 8).

10, 2007 (doc. 1, p. 3). Therefore, based solely on the date of the EEOC Charge of Discrimination, all of plaintiff's claims, except for the single claim arising out of actions alleged to have on July 10, 2007, appear to be time-barred.

Plaintiff, however, argues that, based on documents she filed with the EEOC in February of 2008, the claims are timely, and the Court's review of the complaint reveals an EEOC Charge Questionnaire signed by plaintiff on February 7, 2008 (doc. 1, pp. 11-13). The Fifth Circuit "has recognized that an intake questionnaire that informs the EEOC of the identity of the parties and describes the alleged discriminatory conduct in enough detail to enable the EEOC to issue an official notice of charge to the respondent is sufficient to "set[ ] the administrative machinery in motion." *Price v. Southwestern Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir.1982); *see also McCoy v. City of Shreveport*, 2006 WL 568305 (W.D.La 2006) (finding that claims arising within 300 days of the signing of a Charge Questionnaire were timely where the plaintiff subsequently perfected the charges).

The Questionnaire at issue was signed by plaintiff on February 7, 2008 under penalty of perjury (doc. 1, p. 12), and asserts claims arising out of plaintiff's application for the following positions:[4] (1) St Risk Adjuster on November 27, 2006, (2) IT Tech Support Analyst 1 on February 7, 2007, (3) Admin. Coordinator 3 on February 7, 2007, (4) HR Analyst A on March 23, 2007, (5) Admin. Program

---

[4]The Court lists herein only those claims from the EEOC Questionnaire that are also asserted in the complaint. The abbreviations used to describe the positions reflect the actual abbreviations used by plaintiff in the complaint.

Manager on March 30, 2007, (6) IT Tech Supp. Analyst 1 on April 9, 2007, (7) IT Telecom Tech Analyst 1 May 3, 2007, (8) Admin. Coordinator 4 on May 16, 2007, (9) Comm. Dev. Prog. Specialist 1 on May 14, 2007, (10) Comm. Dev. Prog. Specialist 1 on May 21, 2007, (11) Admin. Assistant 5 on May 22, 2007, (12) IT Telecom. Tech Analyst 1 on May 31, 2007, and (13) St Risk Adjuster 2 on July 10, 2007 (doc. 1, p. 13).[5]

Having considered the document, the Court concludes that the EEOC Questionnaire provides sufficient information to enable the EEOC to issue an official notice of charge as to the foregoing claims, and is, therefore, sufficient to set the administrative machinery in motion with regard to those claims only. Because the EEOC Questionnaire was signed on February 7, 2008, however, only those claims that arose within three hundred days of February 7, 2008, are timely. Accordingly, the Court deems the following claims, filed prior to April 13, 2007, to be time-barred: (1) St Risk Adjuster on November 27, 2006, (2) IT Tech Support Analyst 1 on February 7, 2007, (3) Admin. Coordinator 3 on February 7, 2007, (4) HR Analyst A on March 23, 2007, (5) Admin. Program Manager on March 30, 2007, (6) IT Tech Supp. Analyst 1 on April 9, 2007. Because they are time-barred, those claims shall be dismissed.

---

[5]Though it is unclear whether the date provided refers to the actual date on which an act of discrimination allegedly occurred, the Court construes all reasonable inferences in favor of the plaintiff in a 12(b)(6) motion to dismiss and thus construes the dates as the dates of the alleged discriminatory acts.

The following claims, filed within three hundred days of the Questionnaire are deemed to be timely: (1) IT Telecom Tech Analyst 1 May 3, 2007, (2) Admin. Coordinator 4 on May 16, 2007, (3) Comm. Dev. Prog. Specialist 1 on May 14, 2007, (4) Comm. Dev. Prog. Specialist 1 on May 21, 2007, (5) Admin. Assistant 5 on May 22, 2007, (6) IT Telecom. Tech Analyst 1 on May 31, 2007, and (7) St Risk Adjuster 2 on July 10, 2007.[6]

Defendant also seeks dismissal of plaintiff's claims arising out of applications for the following positions because the positions were not addressed by the EEOC Charge: (1) IT Liaison Officer 1 on February 7, 2007, (2) Admin. Asst 5 on April 13, 2007, and (3) IT Tech Supp Analyst 1 on May 3, 2007. Having reviewed the record, the Court notes that none of the three positions are referenced either in the EEOC Charge or in the EEOC Questionnaire. Accordingly, they shall be dismissed as exceeding the scope of the EEOC Charge. *See Fine v. GAF Chemical Corp.*, 995 F.2d 576 (5th Cir. 1993) (noting that "[a] rule of reason . . . permits the scope of a Title VII suit to extend as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge").

---

[6]As is noted *supra*, the claim alleged to have arisen on July 10, 2007, is timely whether the Court calculates from the date of the EEOC Questionnaire or the date of the EEOC Charge.

## CONCLUSION

For all of the reasons stated herein, the motion by defendant, State of Louisiana, Division of Administration, Office of Risk Management, for dismissal in Civil Action No. 08-524-BAJ-SCR (doc. 133) is **DENIED** insofar as defendant seeks dismissal of plaintiff's claims arising out of her alleged application for employment as: (1) an IT Telecom Tech Analyst 1 on May 3, 2007, (2) an Admin. Coordinator 4 on May 16, 2007, (3) a Comm. Dev. Prog. Specialist 1 on May 14, 2007, (4) a Comm. Dev. Prog. Specialist 1 on May 21, 2007, (5) an Admin. Assistant 5 on May 22, 2007, (6) an IT Telecom. Tech Analyst 1 on May 31, 2007, and (7) a St Risk Adjuster 2 on July 10, 2007. The motion is **GRANTED** otherwise, and all other claims sought to be asserted in this matter are hereby **DISMISSED**.

Baton Rouge, Louisiana, May 23, 2010.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA