UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NAOMI SANDRES                                CIVIL ACTION

VERSUS

STATE OF LOUISIANA DIVISION              NO.: 07-00375-BAJ-SCR
OF ADMINISTRATION, OFFICE
OF RISK MANAGEMENT                       C/W  08-00145-BAJ-SCR
                                              08-00524-BAJ-SCR
                                              08-00563-BAJ-SCR

ORDER AND RULING

Before the Court is a **Motion to Dismiss (Doc. 179)**, filed by Defendant State of Louisiana Division of Administration, Office of Risk Management ("ORM"), seeking an order from this Court dismissing Plaintiff Naomi Sandres' ("Sandres") claims for her failure to appear for a deposition. Sandres opposes the motion. (Doc. 180.) Oral argument is not necessary. Jurisdiction is proper under 28 U.S.C. § 1331.

I.   Background

Sandres filed this lawsuit against ORM, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII").[1] Sandres, an African American woman, alleges ORM unlawfully discriminated against her by failing to interview and/or hire her for seven (7) positions for which she applied, and by retaliating

---

[1] All four (4) of Sandres' lawsuits against ORM were consolidated by this Court on September 24, 2011. (Doc. 123.)

against her after she filed internal complaints of race discrimination and a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission.[2] (Doc. 1.)

On July 9, 2012, ORM noticed Sandres' deposition for August 14, 2012. (Doc. 154-4.) After receiving a request from Sandres that the deposition be rescheduled, ORM re-noticed Sandres' deposition for August 27, 2012. (Docs. 154-5, 154-6.) However, Sandres did not appear for the deposition.

In response, ORM filed a motion to dismiss, or in the alternative, a motion to compel Sandres to appear for a deposition. (Doc. 154.) On October 16, 2012, Magistrate Judge Riedlinger denied ORM's request that Sandres claims be dismissed and granted its request that Sandres be required to appear for a deposition. (Doc. 171.) The Court also issued monetary sanctions against Sandres in the amount of $500.00 and ordered as follows:

> Defendant shall schedule the plaintiff's deposition, to be taken during the next 15 to 30 days, and promptly send a notice of the deposition to her, as required by Rule 30(b), Fed.R.Civ.P.
>
> **Plaintiff's failure to appear for this deposition may - and likely will - result in dismissal of her remaining claims.**

(Doc. 171, pp. 2-3) (emphasis in original). The Magistrate Judge Court further cautioned Sandres in a subsequent ruling as follows:

---

[2] Sandres complaint originally claimed ORM refused to interview and/or hire her for 20+ employment positions for which she applied between 2005 and 2007. (Doc. 1.) However, this Court dismissed with prejudice all but seven (7) of Sandres' claims on the basis that the claims were outside of the scope of her Charge or time-bared. (Doc. 144.)

2

> Plaintiff is cautioned to comply with the order of the magistrate judge relative to appearing for her deposition (doc. 171) or these consolidated matters will be dismissed as a sanction.

(Doc. 172.)

In accordance with the Magistrate Judge's order, ORM re-noticed Sandres' deposition for November 7, 2012. (Docs. 179-2, pp. 5-8.) However, Sandres again failed to appear for the deposition. (Doc. 179-2, pp. 1-4.)

As to the instant motion, ORM seeks an order from this Court dismissing Sandres' claims. ORM argues that Sandres claims should be dismissed for her failure to abide by this Court's orders and appear for a deposition.

Sandres failed to make any relevant arguments in opposition, nor did she attempt to explain to the Court why she failed to abide by this Court's orders and appear for a deposition. Instead, she recounts irrelevant facts from the lawsuits that have been consolidated with this matter, and argues that this Court has denied her the same rights as ORM.

## II.  Standard of Review

Federal Rule of Civil Procedure ("Rule") 37(b) provides, in pertinent part, that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may . . . dismiss[ ] the action or proceeding in whole or in part . . ." Fed.R.Civ.P. 37(b)(2)(A)(v). Rule 37(d) further provides that when "a party . . . fails, after being served with proper notice, to appear for that person's deposition" the Court may issue sanctions, including "any of the orders listed in Rule

37(b)(2)(A)(I)-(vi)."  Fed.R.Civ.P. 37(d)(1)(A)(I), and (d)(3).

The sanction of dismissal pursuant to Rule 37 "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."  *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).  However, "[a] district court's dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lessor sanction would not better serve the interests of justice."  *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981) and *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970)).  Because dismissal is a serious sanction that implicates due process, *see e.g. FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994), "[t]he imposition of a sanction without a prior warning is to be avoided."  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Moreover, the Fifth Circuit has noted that, where it has affirmed dismissals with prejudice, "'it has generally found at least one of the three aggravating factors: (1) delay caused by [the] plantiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"  *Millan*, 546 F.3d at 326 (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

IV.     Analysis

    1.     The Court's Ability To Hear ORM's Motion Considering Sandres' Appeal to the Fifth Circuit

The Court first notes that Sandres filed a notice of appeal of the undersigned's interlocutory order (Doc. 172) on October 31, 2012. (Docs. 176, 178.)

Generally, the district court cannot "alter the status of the case as it rests before the Court of Appeals." *Clower v. Wells Fargo Bank, N.A.*, 381 Fed. Appx. 450, 451 (5th Cir. 2010) (quoting *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990). "The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.")). However, "the district court may still proceed with matters not involved in the appeal." *Alice L v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007); see also *Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir. 1981) ("where an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal"). According to the Fifth Circuit, "[h]ow broadly a court defines the aspects of the case on appeal depends on the nature of the appeal." *Dusek*, 492 F.3d at 565.

The Court finds that Sandres' pending appeal does not divest this Court of jurisdiction to dismiss her claims. Sandres' notice of appeal relates to the undersigned's order (Doc. 172) affirming two (2) discovery orders issued by the Magistrate Judge (Docs. 162, 164). The first order denied Sandres' request for reconsideration of the Magistrate Judge's order denying her Motion to Compel information and documents. (Doc. 162.) The second order denied Sandres' request for reconsideration of the Magistrate Judge's order denying her Motion to Extend the discovery deadline by six (6) months. (Doc. 164.) These two orders and Sandres' subsequent notice of appeal are unrelated to the issue at hand, namely whether Sandres' claims against ORM should be dismissed with prejudice for her failure to comply with the Court's orders and appear for a deposition. Thus, the Court concludes that it may proceed with this matter.[3] See Clower, 381 Fed. Appx. at 452 ("[w]e do not doubt that the district court had authority to 'proceed with matters not involved in the appeal' and therefore dismiss the complaint after we granted permission to appeal.") (citing Alaska Elec. Pension Fund v. Flowerserve Corp., 572 F.3d 221, 233 (5th Cir. 2009)) (holding that the district court had jurisdiction to grant summary judgement to defendants even after class certification appeal was filed).

---

[3]The Court further notes that Sandres' previous appeal to the Fifth Circuit was dismissed because, "the district court's orders are all procedural, interlocutory orders that are not appealable at this stage of the litigation. Accordingly, we do not have jurisdiction over these appeals and they must be dismissed." (Doc. 141, p. 3.) Similarly, Sandres now seeks appellate relief from an interlocutory order, which the Fifth Circuit is likely to find it is without jurisdiction to hear. See, e.g., Archie v. LeBlanc, No. 08-1381, 2009 U.S. Dist. LEXIS 131507, at *7-8 (W.D. La. June 17, 2009) (citing the Fifth Circuit's opinion dismissing the plaintiff's appeal).

### 2. Dismissal of Sandres' Claims Pursuant to Rules 37(d)(1)(A)(I), 37(d)(3), and 37(b)(2)(A)(v)

The Court finds that Sandres' failure to comply with this Court's orders and appear for a deposition has resulted in delay that is attributable to Sandres only. Morever, a review of the record in this case demonstrates a clear record of contumacious conduct by Sandres.

Despite the Court's order (Doc. 171), and multiple warnings by the Magistrate Judge (Docs. 171, 172), Sandres failed to appear for the re-noticed deposition. Instead, Sandres attempted to circumvent the Magistrate Judge's order by appealing it to the undersigned stating, "Plaintiff will not be able to attend deposition of November 7, 2012." (Doc. 175, p. 3.) Sandres, however, did not attempt to explain why she could not appear at the deposition, nor did she contact ORM to discuss her inability to appear or an alternative deposition date. Sandres does not contend that she was unaware of the deposition dates, or that her failure to appear was a mistake. Indeed, Sandres' intentional conduct is the cause of the delay. Further, it is clear that the Court's attempts to issue lessor sanctions have not deterred Sandres from repeatedly failing to comply with this Court's orders and appear for a deposition.

## V. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant State of Louisiana Division of Administration, Office of Risk Management's **Motion to Dismiss (Doc. 179)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Naomi Sandres' claims against Defendant State of Louisiana Division of Administration, Office of Risk Management are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff Naomi Sandres' shall be required to comply with this Court's October 16, 2012 order (Doc. 171) and **pay $500.00 in monetary sanctions** to Defendant State of Louisiana Division of Administration, Office of Risk Management.

Judgment shall be issued by separate order.

Baton Rouge, Louisiana, this 12th day of December 2012.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**